UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:13-CV-00144

DEBRA WILCOXSON,   Plaintiff
*as Administratrix of the Estate of* CORNELIA STEARMAN

v.

GOLDEN GATE NATIONAL SENIOR CARE, LLC,   Defendants
*d/b/a* GOLDEN LIVING, *et al.*

### MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendants'[1] Motion to Dismiss Resident's Rights Claims. (Docket No. 5.) Plaintiff Debra Wilcoxson, as Administratrix of the Estate of Cornelia Stearman, deceased, has responded in opposition, (Docket No. 10), and Defendants have replied, (Docket No. 11). This matter is now ripe for adjudication. For the following reasons, Defendants' Motion will be DENIED.

### BACKGROUND

According to Plaintiff's Complaint, Cornelia Stearman was a resident of Golden Living Center–Green Hill in Greensburg, Kentucky, from on or about January 9, 2013, until her death on February 8, 2013. (Docket No. 1, at 3.) Plaintiff, as Administratrix of Stearman's Estate, asserts claims of negligence, negligence *per se*, medical negligence,

---

[1] The Defendants in this matter include the following eight entities: (1) Golden Gate National Senior Care, LLC; (2) GGNSC Greensburg, LLC, d/b/a Golden Living Center–Green Hill; (3) GGNSC Administrative Services, LLC, d/b/a Golden Ventures; (4) GGNSC Holdings, LLC, d/b/a Golden Horizons; (5) GGNSC Equity Holdings, LLC; (6) GGNSC Equity Holdings II, LLC; (7) Golden Gate Ancillary, LLC, d/b/a Golden Innovations; and (8) GGNSC Clinical Services, LLC, d/b/a Golden Clinical Services.

corporate negligence, violations of long-term-care resident's rights pursuant to Ky. Rev. Stat. § 216.510 *et seq.*, and wrongful death. (Docket No. 1, at 10-19.) In regard to her resident's rights claim, Plaintiff alleges the following violations:

a) Violation of the right to be treated with consideration, respect, and full recognition of her dignity and individuality, including privacy in treatment and in care for her personal needs;

b) Violation of the right to have a responsible party or family member or guardian notified immediately of any accident, sudden illness, disease, unexplained absence, or anything unusual involving the resident;

c) Violation of the right to have an adequate and appropriate resident care plan developed, implemented and updated to meet her needs;

d) Violation of the right to be free from mental and physical abuse and neglect; and

e) Violation of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of KRS Chapter 216 and the regulations promulgated thereunder, as well as the applicable federal laws and regulations governing the certification of long-term care facilities under Titles XVIII or XIX of the Social Security Act.

(Docket No. 1, at 17-18.)

Defendants now move to dismiss Plaintiff's resident's rights claim. Defendants argue that the claim allowed under Ky. Rev. Stat. § 216.515(26) does not survive the residency. Defendants further argue that the right to bring such a claim exists only to enforce a resident's rights against the facility and not against any other related entities.

STANDARD

The Federal Rules of Civil Procedure require that pleadings, including complaints, contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint may be attacked for failure "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, the court will presume that all the factual allegations in the complaint are true and will draw all reasonable inferences in favor of the nonmoving party. *Total Benefits Planning Agency v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1983)).

Even though a "complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Instead, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). That is, a complaint must contain enough facts "to state a claim to relief that is plausible on its face." *Id.* at 570. A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). If, from the well-pleaded facts, the court cannot "infer more than the mere possibility of misconduct, the complaint has alleged—

but has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*

DISCUSSION

Kentucky Revised Statute § 216.515 (the "Kentucky Resident's Rights statute") outlines both the rights of persons admitted as residents to long-term-care facilities operating in Kentucky as well as the duties of such facilities. "Resident" is defined to mean "any person who is admitted to a long-term-care facility as defined in KRS 216.515 to 216.530 for the purpose of receiving personal care and assistance." Ky. Rev. Stat. § 216.510(2). "Long-term-care facility" refers to those health-care facilities in the Commonwealth which are defined by the Cabinet for Health and Family Services to be family-care homes, personal-care homes, intermediate-care facilities, skilled-nursing facilities, nursing facilities as defined in Pub. L. 100-203, nursing homes, and intermediate-care facilities for the intellectually and developmentally disabled." *Id.* § 216.510(1). The rights afforded to residents by § 216.515 include such rights as to be free from mental and physical abuse, to retain the use of their personal clothing, to not be detained against their will, to be suitably dressed at all times and given proper assistance in maintaining proper hygiene and grooming, and to have their medical records documented and communicated to persons of their choosing. To enforce these rights, the statute provides residents a private cause of action when their rights are violated:

> Any resident whose rights as specified in this section are deprived or infringed upon shall have a cause of action against any facility responsible for the violation. The action may be brought by the

> resident or his guardian. The action may be brought in any court of competent jurisdiction to enforce such rights and to recover actual and punitive damages for any deprivation or infringement on the rights of a resident. Any plaintiff who prevails in such action against the facility may be entitled to recover reasonable attorney's fees, costs of the action, and damages, unless the court finds the plaintiff has acted in bad faith, with malicious purpose, or that there was a complete absence of justifiable issue of either law or fact. Prevailing defendants may be entitled to recover reasonable attorney's fees. The remedies provided in this section are in addition to and cumulative with other legal and administrative remedies available to a resident and to the cabinet.

*Id.* § 216.515(26)

Defendants first argue that Plaintiff lacks standing to assert a resident's rights claim on behalf of Stearman. Defendants reason that the language of Ky. Rev. Stat. § 216.510(26) expressly vests the right to assert a cause of action solely in the resident or her guardian, not in the personal representative of the resident or the administratrix of the estate of a deceased resident. Plaintiff responds, arguing that the Kentucky legislature did not include language providing for a personal representative of a deceased resident to bring a cause of action because there was no need to include such language, given that personal representatives already have the authority and standing to sue on behalf a decedent under Ky. Rev. Stat. §§ 411.133, 411.140 and 413.180.

It is well established that in construing a statute, the Court must strive to give effect to the intent of legislature. *E.g.*, *Dept. of Revenue, Fin., & Admin. Cab. v. Cox Interior, Inc.*, 400 S.W.3d 240, 242 (Ky. 2013). To the extent possible, the Court derives that intent from the language chosen by the legislature, "either as defined by the General Assembly or as generally understood in the context of the matter under consideration." *Id.* (quoting *Shawnee Telecom Res., Inc. v. Brown*, 354 S.W.3d 542, 551

(Ky. 2011)). The Court must presume that the legislature "intended for the statute to be construed as a whole, for all of its parts to have meaning, and for it to harmonize with related statutes." *Id.* (quoting *Shawnee*, 354 S.W.3d at 551). Accordingly, the Court "must not be guided by a single sentence of a statute but must look to the provisions of the whole statute and its object and policy." *Samons v. Ky. Farm Bureau Mut. Ins. Co.*, 399 S.W.3d 425, 429 (Ky. 2013) (quoting *Cosby v. Commonwealth*, 147 S.W.3d 56, 59 (Ky. 2004)).

Furthermore, when enacting a statute, the legislature is presumed to be cognizant of previously enacted statutes and existing laws. *E.g.*, *Lewis v. Jackson Energy Coop.*, 189 S.W.3d 87, 93 (Ky. 2005). Among the existing laws at the time of Ky. Rev. Stat. § 216.515's enactment were §§ 411.140, 411.133, and 413.180. Section 411.140 provides, in relevant part, that "[n]o right of action for personal injury . . . shall cease or die with the person . . . injured." Section 411.133 permits joinder of personal injury and wrongful death claims: "[T]he personal representative of a decedent who was injured by reason of the tortious acts of another, and later dies from such injuries, [may] recover in the same action for both the wrongful death of the decedent and for the personal injuries from which the decedent suffered prior to death . . . ." Finally, § 413.180 sets forth the applicable limitations period for actions by a decedent's personal representative: "If a person entitled to bring any action mentioned in KRS 413.090 to 413.160 [(which includes those for personal injury and wrongful death)] dies before the expiration of the time limited for its commencement and the cause of action survives, the action may be brought by his personal representative after the expiration of

that time, if commenced within one (1) year after the qualification of the representative."

The Court agrees with Plaintiff's contention that because the legislature was aware of a personal representative's authority and standing to bring an action on behalf of her decedent under §§ 411.140 and 413.180, there was no need to include express language in § 216.515(26) reaffirming that authority. The Court further agrees that if the legislature had intended for § 216.515 to apply only during a resident's lifetime or had intended for §§ 411.140 and 413.180 not to apply to § 216.515, the legislature could (and presumably would) have included language indicating that intent. The meager case law interpreting § 216.515 supports the Court's conclusion.

For example, in a very recent decision, the Kentucky Court of Appeals held that an administrator had standing to prosecute an action for violations of the Kentucky Resident's Rights statute on behalf of a deceased resident's estate. *Kindred Nursing Ctrs Ltd. P'ship v. Overstreet*, --- S.W.3d ---, 2013 WL 4033906 (Ky. Ct. App. Aug. 9, 2013). There, the defendant argued—much as Defendants do here—that (1) since the resident was deceased (and thus no longer a resident), the administrator was not seeing "to enforce" the resident's rights; and (2) the administrator lacked standing to enforce the resident's rights retroactively. *Id.* at *2. The court of appeals rejected those arguments and affirmed the trial court's decision that the administrator had standing to assert an action under Ky. Rev. Stat. § 216.515 on behalf of the resident's estate. *Id.* at *3-4.

Although the *Overstreet* decision has been appealed and is awaiting the Kentucky Supreme Court's decision to grant discretionary review, the court of appeals'

reasoning is supported by at least two other Kentucky appellate decisions. In *Allen v. Extendicare Homes, Inc.*, the Kentucky Court of Appeals held that §§ 411.140 and 413.180 applied to a claim brought by a personal representative on behalf of the decedent's estate under the Kentucky Resident's Rights statute. 2012 WL 6553823 (Ky. Ct. App. Dec. 14, 2012). There, the administratrix of the estate of a deceased resident claimed that the defendant violated various statutory duties under Ky. Rev. Stat. § 216.515. Though not specifically addressing the issue of the administratrix's standing, the court of appeals found that the one-year limitation period in §§ 411.140 and 413.180 applied to the administratrix's resident's rights claim. *Id.* at *4. Thus, the court implicitly confirmed that a personal representative has standing to assert such a claim. Similarly, in *Renfro v. E.P.I. Corp.*, the Kentucky Court of Appeals took no issue with the right of an administratrix to assert a claim for violations of § 216.515 on behalf of a deceased resident's estate. 2004 WL 224397, at *1, 4-5. (Ky. Ct. App. Feb. 6, 2004).

These decisions comport with at least one decision in which this Court had opportunity to apply the Kentucky Resident's Rights statute. In *Long v. Regency Rehab & Nursing Ctr.*, this Court denied a defendant's motion for judgment on the pleadings relative to a resident's rights claim. 2009 WL 1247113 (W.D. Ky. May 5, 2009). In *Long*, the executrix asserted a claim for violation of Ky. Rev. Stat. § 216.515 on behalf of a deceased resident's estate. In accord with the Kentucky Court of Appeals decisions discussed above, this Court concluded that the applicable limitation period was that set forth in §§ 411.140 and 413.180, and, accordingly, allowed the executrix to proceed with her claim on behalf of the estate. *Id.* at *2-3.

Therefore, based on its reading of the Kentucky Resident's Rights statute and the decisions interpreting that statute, the Court concludes that Plaintiff has standing to assert a claim on behalf of Stearman's estate for violations of Ky. Rev. Stat. § 216.515. Accordingly, in this regard, Defendants' Motion to Dismiss will be denied.

Defendants next argue that even if Plaintiff has standing, her claim under Ky. Rev. Stat. § 216.515 should be dismissed because the Kentucky Resident's Rights statute does not create a separate cause of action and, thus, does not create a second form of liability here. In *Allen*, the Kentucky Court of Appeals wrote: "[W]e do not believe that KRS 216.515 creates any new statutory theory of liability; rather, we are of the opinion that KRS 216.515 merely sets forth sundry standards of care created by legislative fiat. Essentially, the appellant's claims are based upon appellee's negligence with 'the standard of care . . . legislatively declared by statute.'" 2012 WL 6553823, at *4 (quoting *Stivers v. Ellington*, 140 S.W.3d 599 (Ky. Ct. App. 2004)). More recently, the court of appeals adopted and followed that reasoning in *Overstreet*, stating:

> The common law right to prosecute a personal injury cause of action pre-dated the enactment of KRS Chapter 216, and the statutory language serves to reiterate and codify that cause of action as it relates to residents of certain long term care facilities. We also recognize that [the deceased resident], or her personal representative or Administrator, could have asserted a common law action to recover damages for negligent or other improper residential care, personal injury and/or death without implicating the provisions of KRS Chapter 216, or if KRS Chapter 216 had never been enacted. . . . As in *Allen*, we cannot conclude that KRS 216.515 creates any new statutory theory of liability; rather, KRS 216.515 merely sets forth various standards of care created by legislative enactment. The underlying common law personal injury claims remain undisturbed, and were merely reiterated by the legislature in KRS Chapter 216.

2013 WL 4033906, at *3.

The Court agrees that Ky. Rev. Stat. § 216.515 does not create a new statutory theory of liability. However, the Court does not find that dismissal of Plaintiff's § 216.515 claim is warranted at this juncture. Because § 216.515 merely sets forth the statutory standard of care, it is likely that this claim would be subsumed by Plaintiff's negligence or negligence *per se* claims should this matter ultimately be decided by a jury. As such, to the extent Defendants are concerned that Plaintiff will recover twice for the same injuries on different theories of liability, the Court is not persuaded that such fears demand dismissal of Plaintiff's § 216.515 claim at this stage of the litigation. Moreover, the dismissal of this claim would not affect the discovery process because the proof that will be taken relative to Plaintiff's negligence and negligence *per se* claims is the same as will be taken for her § 216.515 claim. Thus, the Court finds no risk of prejudice to Defendants by allowing Plaintiff to proceed on this claim at this time. Accordingly, this portion of Defendants' Motion to Dismiss also will be denied.

Finally, Defendants assert that the right to bring a claim under the Kentucky Resident's Rights statute "exists expressly to enforce those rights only against the facility - not any other allegedly related entities." (Docket No. 5, at 2 (emphasis in original).) By way of footnote, Defendants assert that the various Defendant entities (other than Golden Living Center–Green Hill) are not proper parties to this lawsuit because they provided no medical care to Stearman. (Docket No. 5, at 1 n.1.) But beyond these summary assertions, Defendants do not flesh out further their argument for dismissing these entities. The Court agrees that the Kentucky Resident's Rights statute speaks in terms of the "long-term-care facility." *See* Ky. Rev. Stat.

§§ 216.510(2), 216.515.  But at this juncture, the Court finds no reason to dismiss any of the Defendant entities on the basis that such entity would have no liability to Plaintiff.  Therefore, this portion of Defendants' Motion will be denied.

## CONCLUSION

Therefore, having considered Defendants' Motion and being otherwise sufficiently advised, for the foregoing reasons;

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss Resident's Rights Claims, (Docket No. 5), is DENIED.

IT IS SO ORDERED.

Date:


cc: Counsel